**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-4571**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JASON KEVIN SAUNDERS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:15-cr-00412-WO-1)

_____

Submitted:  April 18, 2017                                      Decided:  May 1, 2017

_____

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

James E. Quander, Jr., Winston-Salem, North Carolina, for Appellant.  Clifton Thomas Barrett, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Kevin Saunders appeals his conviction and sentence after pleading guilty to conspiracy to manufacture methamphetamine in violation of 21 U.S.C. § 841(a)(1) (2012). On appeal, Saunders' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but raising the issues of whether Saunders' appeal waiver is valid; whether the district court complied with Fed. R. Crim. P. 11 when accepting his guilty plea; and whether his sentence is procedurally and substantively reasonable. Saunders was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

"A defendant may waive the right to appeal his conviction and sentence so long as the waiver is knowing and voluntary." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks and citation omitted). We review the validity of an appeal waiver de novo "and will enforce the waiver if it is valid and the issue appealed is within the scope of the waiver." *Id.* (internal quotation marks and citations omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017) (internal quotation marks and citation omitted). We have reviewed the record and conclude that Saunders' appeal waiver is valid. However, the Government has not moved to dismiss the appeal based on the appeal waiver. We therefore decline to enforce the waiver in this appeal, and we review the appeal pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

We next consider whether the district court complied with Rule 11 when accepting Saunders' guilty plea. Because he did not move to withdraw his guilty plea or otherwise claim Rule 11 error in the district court, we review for plain error. *See United States v. Sanya*, 774 F.3d 812, 815-16 (4th Cir. 2014) (citations omitted). Saunders must show (1) error; (2) that is plain; (3) affecting his substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Tate*, 845 F.3d at 575 (quotation marks and citations omitted). To show that an error affects substantial rights, he must show "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 133 S. Ct. 2139, 2147 (2013) (internal quotation marks and citation omitted). We conclude that he fails to make this showing.

Finally, we consider whether his sentence is reasonable. When reviewing a sentence, we must first ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range. *Gall v. United States*, 552 U.S. 38, 51 (2007). We review the district court's factual findings for clear error and legal conclusions de novo. *United States v. White*, 850 F.3d 667, 674 (4th Cir. 2017). If there is no procedural error, we consider the substantive reasonableness of the sentence for abuse of discretion. *Gall*, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. *United States v. Susi*, 674 F.3d 278, 289 (4th Cir. 2012). A defendant can only rebut the presumption by showing the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) (2012) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). We have reviewed the record and conclude Saunders' sentence is procedurally and substantively

3

reasonable. The district court properly calculated his Guidelines range and reasonably determined a sentence of 135 months in prison and five years of supervised release was appropriate in his case. The court considered his arguments, made an individualized assessment based on the facts presented, applied relevant § 3553(a) factors to the specific circumstances of the case and to Saunders, and adequately explained its sentence.

In accordance with *Anders*, we have reviewed the record and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

4